**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SIERRA CLUB,<br>85 Second Street, 2nd Floor<br>San Francisco, CA 94105<br><br>Plaintiff,<br><br>vs.<br><br>STEPHEN L. JOHNSON, in his official capacity as Administrator, United States Environmental Protection Agency,<br>Ariel Rios Building<br>1200 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20460<br><br>Defendant. | COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF<br><br>Civil Action No. ________ |

**COMPLAINT**

Sierra Club, Plaintiff herein, by and through its undersigned attorneys complains as follows:

**INTRODUCTION**

1. This is a civil action for declaratory and injunctive relief, with costs and fees, under the Clean Air Act ("the Act" or "CAA"), 42 U.S.C. §§ 7401, *et seq.*, and the declaratory judgment statute, 28 U.S.C. § 2201.

2. Sierra Club ("Plaintiff") seeks an order declaring that the Defendant, the Administrator of the Environmental Protection Agency ("Administrator"), is required

to issue or deny an air pollution operating permit ("Title V permit") for the Hugh L. Spurlock Generating Station ("Spurlock") in Maysville, Kentucky, and an order requiring the Administrator to perform his non-discretionary duty to grant or deny such permit pursuant to CAA § 505(c), 42 U.S.C. §§ 7661d(c). Alternatively, Plaintiff seeks an order declaring that the Administrator's unreasonable delay in taking action to timely issue or deny a Title V permit for Spurlock was a violation of CAA § 505(c), 42 U.S.C. §§ 7661d(c), and ordering the Administrator to take necessary steps and to issue or deny the permit by a date to be set by the Court.

## PARTIES

3. Sierra Club is an incorporated, not-for-profit organization located at 85 Second Street, San Francisco, California and which keeps offices in various states, and the District of Columbia. Its purpose is to preserve, protect, and enhance the natural environment. The mission of the Sierra Club is to influence public, private, and corporate policies through programs at the local, state, national, and international levels. Sierra Club has over 800,000 members nationwide, including in the Kentucky Cumberland Chapter.

4. Plaintiff's members live, work, and recreate around the Spurlock facility in Maysville, Kentucky. Plaintiff's members breathe, use and enjoy the ambient air around the area of Maysville, Kentucky. Their health and use of the air is impaired by the pollution in the air caused by the Spurlock facility in Maysville. The Spurlock facility emits hazardous air pollutants which negatively impact Plaintiff's members. Plaintiff's members are directly harmed by the Administrator's delay in issuing or

denying a final Title V permit for Spurlock because such permit or permit denial would result in fewer air pollution emissions than currently emitted from Spurlock.

5. Additionally, Plaintiff and its members would further participate in the public processes provided for by Congress in the Clean Air Act if the Administrator would timely issue or deny a permit for Spurlock. Plaintiff and its members have the right to petition for review of the permit terms and to enforce the permit terms once the final permit is issued. The Administrator's failure to timely grant or deny a permit for Spurlock negatively affects Plaintiff's procedural rights under the CAA.

6. Further still, the final permit is required to include monitoring and reporting of air pollution emissions and compliance with all applicable permit limits and requirements. Plaintiff regularly reviews such reporting and has specific plans to review that reporting as to the Spurlock facility. The Administrator's failure to grant or deny a timely permit injures Plaintiff because Spurlock is not monitoring and reporting all of the information which Plaintiff plans to make use of.

7. The Defendant, Stephen Johnson, is the Administrator of the United States Environmental Protection Agency ("U.S. EPA"). The Administrator is responsible for directing the activities of the U.S. EPA and implementing the requirements of the CAA. Specifically, the Administrator is statutorily required to issue or deny operating permits when the Kentucky Division of Air Quality ("KDAQ") fails to timely submit a revised permit in response to the Administrator's objections to a proposed permit. 42 U.S.C. § 7661d(c).

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over the claims set forth in this complaint pursuant to 42 U.S.C. § 7604(a), 28 U.S.C. § 1331, and 28 U.S.C. § 2201. The relief requested by the Plaintiff is authorized by statute in 28 U.S.C. §§ 2201 and 2202, and 42 U.S.C. § 7604.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e) because Defendant resides in his official capacity within the District of Columbia, a substantial part of the events or omissions giving rise to the claim occurred within this district, and because Plaintiff resides in this District, for purposes of the venue statute, and no property is involved.

## NOTICE

10. The Plaintiff gave notice pursuant to, and in compliance with, the requirements in CAA § 304(b)(2), 42 U.S.C. § 7604(b)(2), and CAA § 304(a), 42 U.S.C. §7604(a), as well as 40 C.F.R. Part 54. A true and accurate copy of this Notice is attached hereto as Exhibit A and incorporated herein.

11. The Notice of Intent was sent, via certified mail, to all required recipients and postmarked on January 25, 2008. The last return receipt was dated January 30, 2008 indicating that all required recipients received the notice on or before January 30, 2008.

12. More than 180 days have passed since Plaintiff provided its Notice of Intent to File Suit to the Administrator and others.

## FACTS

13. On August 15, 2006, Sierra Club petitioned Administrator, pursuant to Clean Air Act § 505(b)(2) and 40 C.F.R. § 70.8(d), to object to Permit V-06-007 issued by the KDAQ to East Kentucky Power Cooperative, Inc. for the Spurlock facility. Following a lawsuit filed by Sierra Club to compel a response, the Administrator issued a decision on Sierra Club's petition on August 30, 2007. The Administrator objected, in part, to the permit issued by Kentucky.

14. The Administrator objected to the Spurlock permit because, *inter alia*, it failed to contain a 4850 MMBtu/hour heat input limit applicable from a construction permit issued for Unit 2 and from a Kentucky State Implementation Plan operation permit for Unit 2.

15. The Administrator also objected because the state permitting agency failed to adequately consider clean fuels when it determined a "best available control technology" limit for Unit 4, pursuant to 42 U.S.C. §§7475(a)(4), 7479(3).

16. KDAQ did not make a draft revised permit purporting to meet the Administrator's objection public until December 26, 2007. That draft went to public comment in January, 2008, and was not "proposed" to the Administrator as a revised Title V permit until March 5, 2008. Additionally, KDAQ's draft revised permit did not include a 4850 MMBtu/hour limit for Unit 2, as required by the Administrator's objection dated August 30, 2007.

17. Pursuant to CAA § 505(c), 42 U.S.C. § 7661d(c), KDAQ had 90 days after the date of the objection to submit a revised permit that met objections in the Administrator's August 30, 2007 order.

**COUNT 1-FAILURE TO PERFORM A NONDISCRETIONARY ACT OR DUTY**

18. Plaintiff incorporates paragraphs 1 through 17 here, as if set forth fully.

19. Pursuant to Clean Air Act section 505(c), 42 U.S.C. § 7661d(c), "If the permitting authority fails, within 90 days after the date of an objection... to submit a permit revised to meet the objection, the Administrator shall issue or deny the permit in accordance with the requirements of this subchapter." (emphasis added).

20. The KDAQ is the permitting authority for air pollution operating permits for facilities in Kentucky, unless and until the Administrator becomes the permitting authority by operation of 42 U.S.C. § 7661b(c).

21. KDAQ, as the permitting authority, did not submit a permit revised to meet the Administrator's objection within 90 days of the Administrator's objection.

22. Moreover, KDAQ's revised proposed permit of March 5, 2008 failed to include a 4850 MMBtu/hour limit. In other words, KDAQ failed to revise the permit to "meet the objection" as provided in 42 U.S.C. § 7661d(c).

23. Pursuant to 42 U.S.C. §7661d(c), because Kentucky did not propose a revised permit within 90 days that met the Administrator's objection, Kentucky lost jurisdiction to issue the Spurlock Title V permit and the Administrator must issue or deny the permit.

24. Upon information and belief, the Administrator has not issued or denied a permit for Spurlock, nor taken any steps to do so, as required by Clean Air Act Section 505(c), 42 U.S.C. § 7661d(c).

25. The Administrator's duty to issue or deny a permit for Spurlock is not discretionary.

26. The CAA provides Plaintiff with a cause of action to compel the Administrator's non-discretionary duty to issue or deny a permit for Spurlock, pursuant to CAA § 304(a), 42 U.S.C. § 7604(a).

## COUNT 2- ADMINISTRATOR'S DELAY IN PERFORMING A NONDISCRETIONARY ACT OR DUTY WAS UNREASONABLE (PLED IN THE ALTERNATIVE)

27. Plaintiff incorporates paragraphs 1 through 26 here, as if set forth fully.

28. If the Administrator's duty to issue or deny the permit is not enforceable pursuant to 42 U.S.C. § 7604(a)(2) , then the Administrator's continuing failure to do so is unreasonable, and enforceable pursuant to 42 U.S.C. § 7604(a), which provides for a suit to compel "agency action unreasonably delayed."

29. The Administrator is now the permitting authority for the Spurlock plant by operation of 42 U.S.C. § 7661d(c).

30. However, the Administrator has failed to issue or deny the Title V permit for the Spurlock facility for over eight months.

31. Upon information and belief, the Administrator has taken no steps toward issuing or denying the permit for the Spurlock facility, including the Administrator's typical practice of sending a letter notifying the permittee that the U.S. EPA will issue or

deny the permit, since Administrator became the permitting authority pursuant to 42 U.S.C. §7661d(c).

32. As an alternative to the first Count against Administrator, the CAA provides Plaintiff with a cause of action to compel agency action when the Administrator fails to perform a non-discretionary act or duty. *See* 42 U.S.C. § 7604(a). If the Administrator's duty is not enforceable under 42 U.S.C. § 7604(a)(2), the Administrator has nevertheless unreasonably delayed taking the necessary steps to issue or dent the Spurlock Title V permit.

## COUNT 3-DECLARATORY RULING

33. Plaintiff incorporates paragraphs 1 through 32 herein, as if set forth fully.

34. Upon information and belief, the KDAQ and the Administrator are operating as if the KDAQ remains the permitting authority responsible for issuing or denying the final permit to the Spurlock facility.

35. Pursuant to 42 U.S.C. § 7661d(c), the Administrator became the permitting authority and is responsible for issuing or denying the final permit.

36. Plaintiff respectfully requests an order from the Court declaring that the Administrator must issue or deny the permit for Spurlock and that the KDAQ lost jurisdiction over the permit when it failed to provide a revised permit which met Administrator's objections within 90 days of the Administrator's August 30, 2007 order objecting to the Spurlock Title V permit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for this Court to:

A. Declare that the Administrator must issue or deny the permit for Spurlock and that the KDAQ lost jurisdiction over the permit process when it failed to provide a revised permit to meet the Administrator's objections according to 42 U.S.C. §7661d(c);

B. Declare that the Administrator has a non-discretionary duty to issue or deny a final permit for Spurlock and that such issuance or denial has been unreasonably delayed by the EPA;

C. Declare that the Administrator's failure to issue or deny a permit for the Spurlock facility is a violation of CAA § 505(c), 42 U.S.C. § 7661d(c);

D. Order the Administrator to issue or deny the Title V permit for Spurlock by a date set by the Court;

E. Award Plaintiff the costs of this action, with reasonable attorney fees, pursuant to CAA § 304(d), 42 U.S.C. § 7604(d); and

F. Grant such other relief as is just and proper.

Dated: September 3, 2008

Attorneys for Plaintiff.
GARVEY, MCNEIL & MCGILLIVRAY, S.C.

[signature]

David C. Bender
D.C. Dist. Ct. Bar No. WI

Carlos A. Pabellon
D.C. Dist. Ct. Bar No. WI0012
Garvey McNeil & McGillivray, S.C.
634 West Main Street, Suite 101
Madison, WI 53703
Tel. 608.256.1003
Fax 608.256.0933
bender@gmmattorneys.com
pabellon@gmmattorneys.com

**GARVEY MCNEIL & MCGILLIVRAY, S.C.**

ATTORNEYS AT LAW

Edward R. Garvey
Kathleen G. McNeil
Pamela R. McGillivray
Christa O. Westerberg
David C. Bender

Of Counsel:
Peter E. McKeever

January 25, 2008

By Certified Mail- Return Receipt Requested

The Honorable Stephen L. Johnson, Administrator
United States Environmental Protection Agency
Ariel Rios Building
1200 Pennsylvania Avenue, N.W.
Washington D.C. 20460

Re: **Notice of Intent to Sue Pursuant to §304(a)(unreasonable delay) and § 304(a)(2) (failure to perform nondiscretionary duty) of the Clean Air Act for Failure to Issue or Deny a Permit for Hugh L. Spurlock Generating Station Pursuant to §505(c).**

Dear Administrator Johnson:

This firm represent the Sierra Club, a national organization working to protect the Nation's clean air and clean water, and our natural heritage. The Sierra Club has over 800,000 members nationwide, including in the Kentucky Cumberland Chapter.

This letter constitutes formal notice pursuant Clean Air Act 304(a) and 304(a)(2), 42 U.S.C. § 7604(a) and (b)(2), and 40 C.F.R. Part 54 that Sierra Club intends to file a citizen suit pursuant to Clean Air Act 304(a), 42 U.S.C. § 7604(a). The Clean Air Act permits a citizen action "against the Administrator where

634 W. Main Street, Suite 101 ■ Madison, WI 53703
Telephone (608) 256-1003 ■ Facsimile (608) 256-0933 ■ www.gmmattorne

EXHIBIT A

there is alleged a failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator." 42 U.S.C. § 7604(a)(2). Additionally, the Clean Air Act permits a citizen suit against the Administrator for unreasonable delay in completing non-discretionary duties. 42 U.S.C. § 7604(a). By this letter Sierra Club puts you on notice that they intend to file both types of citizen suit actions against you for your failure: (1) to issue or deny an operating permit for the Hugh L. Spurlock Generating Station ("Spurlock") in Maysville, Kentucky within 90 days of your objection to an operating permit proposed by Kentucky Division of Air Quality ("KDAQ"); (2) to take the necessary steps, pursuant to 40 C.F.R. pts. 70 and 71, to issue or deny an operating permit for the Hugh L. Spurlock Generating Station.

On August 15, 2006, Sierra Club petitioned the U.S. EPA Administrator, pursuant to Clean Air Act § 505(b)(2) and 40 C.F.R. § 70.8(d), to object to Permit V-06-007 issued by the KDAQ to East Kentucky Power Cooperative, Inc. for the Spurlock plant. Following a lawsuit filed by Sierra Club to compel a response, the Administrator issued a decision on Sierra Club's petition on August 30, 2007.

Pursuant to Clean Air Act section 505(c), 42 U.S.C. § 7661d(c), "If the permitting authority fails, within 90 days after the date of an objection... to submit a permit revised to meet the objection, the Administrator shall issue or deny the permit in accordance with the requirements of this subchapter." Ninety

days expired November 29, 2007. KDAQ did not submit a permit revised to meet the objection by November 29, 2007.

The U.S. EPA sent a letter to KDAQ on September 19, 2007, implying that the 90 day period for KDAQ to respond began on September 19, 2007, rather than the date of the objection as provided by statute. The USEPA has no authority to extend the statutory deadline in 42 U.S.C. § 7661d(c) by letter. Any attempt to do so is without legal effect. Regardless, KDAQ failed to submit a permit revised to meet the Administrator's objections within 90 days of either the objection or the September 19, 2007, letter.

KDAQ did not make public a draft revised permit purporting to meet the Administrator's objection until December 26, 2007. That draft went to public comment in January, 2008, and has not yet been "proposed" to the Administrator as a revised Title V permit.

Furthermore, to the extent that the permit eventually proposed by KDAQ in response to the August 20, 2007, objection fails to include a 4850 MMBtu/hour heat input limit for Unit 2, KDAQ has failed to respond to the Administrator's objection. The Administrator objected because, *inter alia,* the Spurlock permit failed to contain the 4850 MMBtu/hour limit from the construction permit originally issued for Unit 2 and from the Kentucky State Implementation Plant operation permit. Because KDAQ failed to propose a permit that includes this

4850 MMBtu/hour limit, it failed to revise the permit to "meet the objection" within the time provided in 42 U.S.C. § 7661d(c).

For these reasons, the KDAQ lost jurisdiction to issue the permit and the Administrator must now issue or deny the permit. The Administrator has neither done so, nor taken any steps to do so, as required by Clean Air Act Section 505(c), 42 U.S.C. § 7661d(c). Sierra Club hereby gives notice of its intent to file a citizen suit based upon the failure to perform a non-discretionary duty to grant or deny a Title V permit for the Spurlock facility, as required by 42 U.S.C. § 7661d(c). Additionally, Sierra Club hereby gives notice of its intent to file a citizen suit based upon the unreasonable delay in performing the duties to grant or deny, and to take all necessary steps to grant or deny a Title V permit to the Spurlock plant, as required by 42 U.S.C. § 7661d(c) and 40 C.F.R. pts. 70 and 71.

Pursuant to the requirement of 40 C.F.R. § 54.3, the persons giving notice are:

Sierra Club
Kentucky Cumberland Chapter Office:
PO Box 1368
Lexington, KY 40588-1368
Phone: (859) 296-4335
Midwest Regional Office at
122 W. Wisconsin Ave., Suite 830
Madison, WI 53703
Phone: (608) 257-4994
National Headquarters at:
85 Second Street, 2nd Floor
San Francisco, CA 94105
Phone: (415) 977-5500

However, I request that you direct all correspondence to me, as counsel for the Sierra Club.

Sincerely,
GARVEY MCNEIL & MCGILLIVRAY, S.C.

David C. Bender

See service list, next page:

J. I. Palmer, Jr.
Regional Administrator
US EPA, Region 4
Sam Nunn Atlanta Federal Center
61 Forsyth Street, SW
Atlanta, GA 30303

John Lyons
Kentucky Division of Air Quality
Department for Environmental Protection
803 Schenkel Lane
Frankfort, Kentucky 40601-1403

Robert D. Vance
Office of the Secretary
Environment and Public Protection Cabinet
500 Mero Street
5th Floor, Capital Plaza Tower
Frankfort, KY 40601

Authorized Representative
Environment and Public Protection Cabinet
Department for Environmental Protection
Division of Air Quality
803 Shenkel Lane.
Frankfurt, KY 40601

Governor Steve Beshear
700 Capital Avenue
Suite 100
Frankfort, KY 40601

East Kentucky Power Cooperative, Inc.
Hugh L. Spurlock Generating Station
P.O. Box 707
Winchester, KY 40392-0707

Manager
Hugh L. Spurlock Generating Station
1301 West 2nd Street
Maysville, KY 41056

Robert M. Marshall, President and Registered Agent
East Kentucky Power Cooperative, Inc.
4775 Lexington Road
P. O. Box 707
Winchester, KY 40392-0707