UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF KENTUCKY

|  |  |
|---|---|
| SIERRA CLUB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:09-CV-00085-WOB |
| ) | |
| LISA JACKSON[1], in her ) | CONSENT DECREE |
| official capacity as ) | |
| Administrator, United States ) | |
| Environmental Protection ) | |
| Agency, ) | |
| ) | |
| Defendant. ) | |

WHEREAS, plaintiff Sierra Club filed its complaint in this action in the United States District Court for the District of Columbia on September 5, 2008;

WHEREAS, plaintiff's' complaint alleged that defendant Lisa Jackson, Administrator of the U.S. Environmental Protection Agency, ("EPA") has failed to perform a non-discretionary duty to issue or deny a Clean Air Act ("CAA") operating permit for the Hugh L. Spurlock Generating Station ("Spurlock facility"), or in the alternative has unreasonably delayed issuing or denying a permit;

WHEREAS, on June 8, 2009, the United States District Court for the District of Columbia ordered that this case be transferred to the Eastern District of Kentucky;

---

[1] Lisa P. Jackson, Administrator of the United States Environmental Protection Agency, is substituted for Stephen L. Johnson pursuant to Fed. R. Civ. Proc. 25(d).

WHEREAS, on August 19, 2009, Sierra Club amended its complaint to allege that EPA has failed to perform a non-discretionary duty to respond to an April 28, 2008 CAA Title V petition submitted by Sierra Club requesting that EPA object to issuance of the second revised permit for the Spurlock facility, Permit No. V-06-007 (Revision 2) ("pending petition");

WHEREAS, it is in the interest of the public, the parties and judicial economy to resolve this matter without protracted litigation;

WHEREAS, the Court finds and determines that the settlement represents a just, fair, adequate and equitable resolution of all claims raised in this action.

NOW THEREFORE, it is hereby ORDERED, ADJUDGED and DECREED that:

1) This court has subject matter jurisdiction over one or more of the claims set forth in the complaint and to order the relief contained in this consent decree.

2) Venue lies in the Eastern District of Kentucky.

3. Plaintiff and EPA shall not challenge the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree. Upon entry, no party shall challenge the terms of this Consent Decree. This Consent Decree resolves all claims raised in the Amended Complaint.

4. No later than September 21, 2009, the Administrator shall grant or deny Issue 3 in the pending petition, pursuant to 42 U.S.C. § 7661d(b)(2), and promptly forward notice of that response to the Federal Register for publication, to the Plaintiff, and to the Kentucky Division of Air Quality.

5. No later than November 30, 2009, the Administrator shall grant or deny the remaining issues in the pending petition, pursuant to 42 U.S.C. § 7661d(b)(2), and promptly

forward notice of that response to the Federal Register for publication, to the Plaintiff, and to the Kentucky Division of Air Quality.

6. The deadlines in paragraphs 4 and 5 may be extended for a period of 60 days or less by written stipulation executed by counsel for Sierra Club and EPA and filed with the Court. Any other modification to this decree must be approved by the Court upon motion by any party to this Consent Decree and upon consideration of any response by the non-moving party.

7. EPA shall notify in writing counsel for plaintiffs within ten days of the publication of any Federal Register notice regarding the requirements of this decree.

8. The Court shall retain jurisdiction to determine and effectuate compliance with this Decree. Upon EPA's demonstration that it has satisfied all of the obligations of this Decree it may move to have this decree terminated. Plaintiffs shall have twenty days in which to respond to such motion.

9. Except as provided herein, nothing in this Decree shall be construed to limit or modify any discretion accorded EPA by the Clean Air Act or by general principles of administrative law in taking the actions which are the subject of this Decree.

10. The parties agree and acknowledge that final approval and entry of this proposed Decree are subject to the requirements of Clean Air Act § 113(g), 42 U.S.C. § 7413(g). That subsection provides that notice of this proposed Decree be given to the public, that the public shall have a reasonable opportunity to make any comments, and that the Administrator or the Attorney General, as appropriate, must consider those comments in deciding whether to consent to this Decree.

11. Nothing in the terms of this Consent Decree shall be construed to waive any remedies plaintiff may have under section 307(b)(1) of the Clean Air Act, 42 U.S.C. § 7607(b)(1).

12. In the event of a dispute between the parties concerning the interpretation or implementation of any aspect of this Consent Decree, the disputing party shall contact the other party to confer and attempt to reach an agreement on the disputed issue. If the parties cannot reach an agreed-upon resolution, then either party may move the Court to resolve the dispute.

13. EPA's commitments in this Decree are subject to the availability of appropriated funds. No provision of this Decree shall be interpreted as or constitute a commitment or requirement that EPA obligate funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341 or any other applicable law or regulation.

14. EPA agrees that, pursuant to 42 U.S.C. §7604(d), plaintiffs are both eligible and entitled to recover their costs of litigation in this action, including reasonable attorney and expert witness fees. The deadline for filing a motion for costs of litigation (including attorney's fees) for activities performed prior to execution of this Decree is hereby extended until 60 days after the Decree is entered by the Court. The Parties shall seek to resolve informally any claim for costs of litigation (including attorney's fees) and, if they cannot will submit that issue to the Court for resolution.

15. The undersigned representative of each party certifies that he is fully authorized to consent to the Court's entry of the terms and conditions of this Consent Decree.

Dated: August 19, 2009

    s/David C. Bender
DAVID C. BENDER
McGillivray Westerberg & Bender, LLC
305 S. Paterson Street
Madison, WI 53703
Tel: (608) 310-3560
Fax: (608) 310-3561

Counsel for Plaintiff


JOHN C. CRUDEN
Acting Assistant Attorney General

Dated: August 19, 2009

    s/ Norman L. Rave Jr, by DCB
NORMAN L. RAVE, JR.
Trial Attorney
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 23986
Washington, D.C. 20026-3986
Tel: (202) 616-7568
Fax: (202) 514-8865

Counsel for Defendant


IT IS SO ORDERED.

Dated: Oct 16, 2009

    William O. Bertelsman
The Honorable William O. Bertelsman
United States District Judge